T.C. Memo. 2007-77


UNITED STATES TAX COURT


WILLIAM J. AND LOIS J. DICINDIO, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7029-03L.                    Filed April 2, 2007.


William J. and Lois J. DiCindio, pro se.

<u>Donald M. Brachfeld</u>, for respondent.


MEMORANDUM OPINION


COLVIN, <u>Chief Judge</u>:  Respondent sent a Notice of

Determination Concerning Collection Action(s) Under Section 6320[1]

and/or 6330 to petitioners in which respondent determined that it

---

[1]  Unless otherwise indicated, section references are to the
Internal Revenue Code as amended.

was appropriate to sustain collection action with respect to petitioners' unpaid income taxes for 1985-89 and 1991-2001 (the years in issue).[2] Thereafter petitioners timely filed a petition in which they requested our review of respondent's determination. The issue for decision is whether respondent's determination to reject petitioners' offer-in-compromise (OIC) and proceed with collection was an abuse of discretion. We hold that it was not.

## Background

Some of the facts have been stipulated and are so found. Petitioners are married and resided in Edison, New Jersey, at the time the petition was filed.

Respondent issued a Final Notice of Intent to Levy and Notice of Your Right to a Hearing to petitioners on September 5, 2002. Petitioners timely requested a collection due process hearing on October 1, 2002. Petitioners' outstanding tax liability is $463,496 plus statutory additions. Petitioners did not challenge the assessments or the underlying tax liabilities. A settlement officer (SO) from respondent's Appeals Office (Appeals) spoke on the telephone with petitioners' representative on February 4, 2003. The SO told petitioners' representative that collection alternatives such as an OIC or an installment

---

[2] In the petition, petitioners also disputed the collection action for taxable year 1990. No notice of determination was issued to petitioners for that year. By separate order, the Court dismissed this case as it relates to taxable year 1990.

agreement would not be considered because of petitioners' poor compliance record. Respondent issued the notice of determination on April 8, 2003, sustaining the levy.

In the petition, petitioners alleged errors in the notice of determination, specifically that Appeals failed to give them a fair hearing and that Appeals failed to act properly with regard to the collection activity. After the petition was filed, counsel for respondent requested that Appeals discuss collection alternatives with petitioners at a face-to-face hearing. Petitioner[3] and respondent's SO met on September 9, 2003, and discussed collection alternatives. Petitioners submitted an OIC on November 6, 2003. On December 1, 2003, the SO sent petitioners a letter requesting that they complete missing items on the form and submit additional information.

This case was calendared for trial at the May 3, 2004, session of this Court in New York, New York. Petitioners filed a motion for continuance in which they stated that they would be submitting an OIC. The Court granted the motion. The case was then calendared for trial at the session of this Court beginning on January 24, 2005. Petitioners filed another motion for continuance in order to retain counsel. The Court granted the motion and ordered petitioners to submit an OIC to respondent no later than March 1, 2005. Petitioners filed a status report on

---

[3] References to petitioner are to William J. DiCindio.

March 1, 2005, stating that they had decided not to submit an OIC because they would have no way of paying the debt. Trial was held on September 19, 2005, in New York, New York.

Following trial, the Court ordered petitioners to provide counsel for respondent a complete Form 656, Offer in Compromise, and an updated Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. Counsel for respondent received petitioners' OIC on November 15, 2005, and sent it to an offer specialist (OS) for consideration. In the following months, the OS requested that petitioners provide additional information by various deadlines. Petitioners did not meet any of these deadlines.

In April 2006, petitioners requested that the Court keep the pending OIC open for consideration until August 15, 2006, so that petitioner could file his 2005 income tax return. The Court denied petitioners' request. Thereafter, respondent returned the pending OIC to petitioners and closed their file because petitioners had failed to provide additional information necessary to determine the acceptability of their offer and they failed to verify their compliance with the estimated income tax requirements for 2005 and 2006.

## Discussion

Petitioners contend that respondent's refusal to consider their offer-in-compromise submitted on November 15, 2005, for the

years in issue was an abuse of discretion.  We disagree.  Section 7122(c)(1) provides that the Secretary shall prescribe guidelines for the Internal Revenue Service (IRS) to use in determining whether to accept an OIC.  The decision to accept or reject an OIC, as well as the terms and conditions to which the IRS agrees, is left to the discretion of the Secretary.  Sec. 301.7122-1(c)(1), Proced. & Admin. Regs.

Petitioners contend that returning their OIC for additional information was arbitrary and capricious.  We disagree.

If an offer accepted for processing does not contain sufficient information to permit the IRS to evaluate whether the offer should be accepted, the IRS will request that the taxpayer provide the needed additional information.  Sec. 301.7122-1(d)(2), Proced. & Admin. Regs.  On three separate occasions, respondent's OS contacted petitioners to request additional information.  The OS explained that this additional information was necessary to account for discrepancies between petitioners' Form 433-A and the information they had previously submitted.  Petitioners failed to provide the requested information.  If the taxpayer does not submit the requested information to the IRS within a reasonable time after a request, the IRS may return the offer to the taxpayer.  Id.  The decision not to process petitioners' OIC on account of their failure to provide additional information was consistent with the prescribed

guidelines and was a reasonable exercise of respondent's discretion.

Petitioners contend that respondent's rejection of their OIC while a motion for reconsideration was pending before the Court was an abuse of discretion. We disagree.

The granting of a motion to reconsider rests in the discretion of the Court. Louisville & Nashville R. Co. v. Commissioner, 641 F.2d 435, 443-444 (6th Cir. 1981), affg. on this issue and revg. on other issues 66 T.C. 962 (1976); Estate of Halas v. Commissioner, 94 T.C. 570, 574 (1990); Vaughn v. Commissioner, 87 T.C. 164, 166-167 (1986). Motions to reconsider will not be granted unless unusual circumstances or substantial error is shown. Estate of Halas v. Commissioner, supra at 574; Vaughn v. Commissioner, supra at 167. Petitioners submitted their offer-in-compromise to respondent on November 15, 2005. However, they failed to respond to respondent's repeated requests for additional information. In April 2006, petitioners requested an extension until August 15, 2006, so that petitioner could file his 2005 income tax return. The Court was not persuaded that petitioners were entitled to an extension of any deadlines related to respondent's processing of the OIC and denied their motion. In the interim, respondent rejected petitioners' OIC.

We have no reason to believe that an extension to August would have changed the disposition of petitioners' offer-in-

compromise.  The reason for the requested extension was to file petitioner's 2005 income tax return.  However, the filing of petitioner's 2005 income tax return was not a requirement of respondent's acceptance of the offer.  The OS knew that petitioner had requested an extension for filing his 2005 taxes.  The information that the OS needed, however, had to do with additional information to verify and confirm the data on the submitted OIC.  Therefore, it was not an abuse of discretion to reject petitioners' OIC on account of their failure to submit additional information before the Court ruled on petitioners' pending motion for reconsideration.

We conclude that respondent may proceed with collection of petitioners' tax liabilities for 1985-89 and 1991-2001 because respondent's rejection of petitioners' offer-in-compromise was not an abuse of discretion.

<u>Decision will be entered</u>

<u>for respondent</u>.